William Stovall # 66145
Lock Bag R
East Jersey State Prison
Rahway, New Jersey 07065
Petitioner, Pro Se

RECEIVED

FEB 18 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Clerk of the Court
United States District Court
District of New Jersey
United States Court House
402 East State Street
Trenton New Jersey 08608

Re: William Stovall v. James Slaughter, et. al.
Petition For A Writ of Habeas Corpus By State Prisoner
    [Pursuant To 28 U.S.C. 2254]

Dear Sir/Madam:

  Enclosed for filing relative to the above matter enclosed please find two copies of:

1. Petition For A Writ of Habeas Corpus with attachments,

2. Brief and Appendix In Support of the Petition, and

3. Check For $ 5.00, As the Filing Fee.

  Please assign a docket number and inform me of such. Thanking you for your anticipated cooperation in this matter in advance I remain

Respectfully Yours,

William Stovall

Dated: February 9, 2020

Encl.

# Petition for Relief From a Conviction or Sentence By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out an in forma pauperis form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $  200.00  , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and   1   copy to the Clerk of the United States District Court at this address:

   ☐ Camden: Mitchell H. Cohen U.S. Courthouse 4th & Cooper Streets Camden, NJ 08101

   ☐ Trenton: Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse 402 East State St. Trenton, NJ 08608

   ☐ Newark: Martin Luther King, Jr. Fed. Bldg. & U.S. Courthouse 50 Walnut St. Newark, NJ 07101

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 241 (Rev. 06/13)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: New Jersey |
|---|---|
| Name (under which you were convicted): William Stovall | Docket or Case No.: |
| Place of Confinement: LockBag R East Jersey State Prison, Rahway NJ 07065 | Prisoner No.: 66145 |
| Petitioner (include the name under which you were convicted) William Stovall | Respondent (authorized person having custody of petitioner) v. James Slaughter |

The Attorney General of the State of New Jersey

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Superior Court of New Jersey
Law Division
Mercer County

   (b) Criminal docket or case number (if you know): Mercer County Indictment 9612-1439

2. (a) Date of the judgment of conviction (if you know): June 17, 1994

   (b) Date of sentencing: June 17, 1994

3. Length of sentence: 30 years with 20 years parole ineligibility, consecutive to all sentences
   on remand 30 years with 10 years parole ineligibility

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: ①Conspiracy To Escape ②Attempted Escape ③Attempt To Procure Implements of Escape ④attempted possession of firearms for an unlawful purpose ⑤ attempted possession of destructives for an unlawful purpose ⑥ attempted possession of handguns for an unlawful purpose ⑦ attempted possession of an assault firearm for an unlawful purpose ⑧ attempted possession of unlawful destructive devices ⑨ attempted possession of a firearm silencer for an unlawful purpose ⑩ attempted possession of armor penetrating ammunition for an unlawful purpose

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty        ☐ (4) Insanity plea

AO 241
(Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Superior Court of New Jersey, Appellate Division
(b) Docket or case number (if you know): A-850-94T4
(c) Result: Convictions affirmed, remanded for re-sentencing
(d) Date of result (if you know): December 2, 1996
(e) Citation to the case (if you know): Unpublished Opinion
(f) Grounds raised:
① It was illegal for petitioner to be shackled for trial
② It was illegal for trial court to deny motion to dismiss for lack of speedy trial
③ It was illegal to deny cross-examination about a prior escape attempt
④ Petitioner was denied effective counsel
⑤ Judgment notwithstanding the verdict should have been entered
⑥ Cummulative error required reversal
⑦ Sentence was excessive

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Supreme Court of New Jersey
(2) Docket or case number (if you know):
(3) Result: Petition for certification denied
(4) Date of result (if you know): March 19, 1997

AO 241
(Rev. 06/13)

Page 4

(5) Citation to the case (if you know): State v Stovall, 149 NJ 35 (1997)

(6) Grounds raised:
Same as in Appellate Division Grounds 1 to 7

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court of New Jersey, Law Division Mercer County

(2) Docket or case number (if you know): Mercer County Indictment 91-12-1439

(3) Date of filing (if you know): November 17, 1997

(4) Nature of the proceeding: Petition for Post-Conviction Relief

(5) Grounds raised:
① Trial counsel was ineffective for failure to move for mistrial or curative instructions when unstipulated polygraph evidence was presented ② Trial counsel was ineffective for permitting defense witnesses to testify in prison garb while hand cuffed leg ironed ③ appellate counsel was ineffective for failure to present the polygraph issue ④ an evidentiary was required to dispose of the petition consistent with due process

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes ☒ No

(7) Result: Petition denied

(8) Date of result (if you know): September 14, 2012

AO 241 (Rev. 06/13)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Superior Court of New Jersey, Law Division, Mercer County

(2) Docket or case number (if you know): Mercer County Indictment 91-12-1439

(3) Date of filing (if you know): June 27, 2016

(4) Nature of the proceeding: Motion to Correct Illegal Sentence

(5) Grounds raised:

Sentences imposed were Illegal and barred by double jeopardy required by the Fifth and Fourteenth Amendments

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: Motion denied.

(8) Date of result (if you know): August 29, 2017

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 06/13)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No
(2) Second ~~petition~~ motion:   ☒ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No   N/A (None Filed)

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Unstipulated polygraph evidence was presented at trial violating rights to effective assistance of trial counsel, fair trial and due process.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel permitted unstipulated evidence before jury and did not move for mistrial or curative instructions.

(b) If you did not exhaust your state remedies on Ground One, explain why:

N/A

AO 241
(Rev. 06/13)

Page 7

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel was ineffective as pleaded in Ground Two

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition For Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Superior Court of New Jersey Law Division

Docket or case number (if you know): Mercer County Indictment 91-12-1439

Date of the court's decision: September 19, 2012

Result (attach a copy of the court's opinion or order, if available):

Petition denied. (See Attachment 1.1 to 1.14)

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of New Jersey, Appellate Division

Docket or case number (if you know): A-001162-13

Date of the court's decision: February 17, 2016

Result (attach a copy of the court's opinion or order, if available):

Denial of petition affirmed. (See Attachment 2.1 to 2.10)

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 06/13)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

Petition for certification denied by Supreme Court of New Jersey on July 11, 2016. State v. Stovall, 227 NJ 21 (2016)

**GROUND TWO:** Appellate Counsel provided ineffective assistance of counsel by failing to present Ground One on appeal contrary to Sixth and fourteenth Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate counsel failed to present this ground, despite trial record and case law demonstrative of its existence

(b) If you did not exhaust your state remedies on Ground Two, explain why:

State remedies exhausted

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel was ineffective

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Post Conviction Relief

Name and location of the court where the motion or petition was filed:
Superior Court of New Jersey
Law Division
Mercer County

Docket or case number (if you know): Mercer County Indictment 91-12-1439

Date of the court's decision: September 19, 2012

AO 241 (Rev. 06/13)                                                                                                    Page 9

Result (attach a copy of the court's opinion or order, if available):

See Attachment 1.1 to 1.14

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of New Jersey Appellate Division

Docket or case number (if you know): A-01162-13

Date of the court's decision: February 17, 2016

Result (attach a copy of the court's opinion or order, if available): Denial of petition affirmed. See Attachment 2.1 to 2.10

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

Petition for certification with Supreme Court of New Jersey, denied on July 16, 2016. State v Stovall, 227 NJ 21 (2016).

**GROUND THREE:** Sentences imposed violate double jeopardy and due process contrary to Fifth and Fourteenth Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial court imposed a consecutive sentence for weapons possession that elevated escape conviction from third to second degree possession

(b) If you did not exhaust your state remedies on Ground Three, explain why:

N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Illegal sentences which are unconstitutional may be presented at any time pursuant to N.J. Ct. R. 3:21-10 (b)(5).

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion To Correct Illegal Sentence

Name and location of the court where the motion or petition was filed: Superior Court of New Jersey, Law Division, Mercer County

Docket or case number (if you know): Mercer County Indictment 91-12-1439

Date of the court's decision: August 29, 2017

Result (attach a copy of the court's opinion or order, if available):

Motion denied. See Attachment 3.1 to 3.4

(3) Did you receive a hearing on your motion or petition?   ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of New Jersey Appellate Division

Docket or case number (if you know): A-0610-17T4

Date of the court's decision: September 4, 2019

Result (attach a copy of the court's opinion or order, if available):

Denial of Motion affirmed. See Attachment 4.1 to 4.14

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

Filed petition for certification with Supreme Court of New Jersey which was denied on October 3, 2019. State v. Stovall ___ NJ.___ (2019)

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 06/13)

Page 13

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 06/13)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: None conducted.

   (b) At arraignment and plea: Paul Donini, 1213 Hamilton Avenue, Hamilton, NJ 08629

   (c) At trial: Paul Donini

   (d) At sentencing: Paul Donini

   (e) On appeal: Ruth A. Harrigan, 350 Cranbury Rd., E Brunswick, NJ 08816

   (f) In any post-conviction proceeding: Shanti Narra

   (g) On appeal from any ruling against you in a post-conviction proceeding: Winnie Ihemaguba, O-59 Saddle River Road, Fair Lawn, NJ 07410

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☒ Yes ☐ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   1) Court of Common Pleas of Pennsylvania, Philadelphia County
   2) Superior Court of New Jersey, Law Division, Camden County

   (b) Give the date the other sentence was imposed: 1) November __, 1979  2) August 1, 1980

   (c) Give the length of the other sentence: 1) 3-7 years  2) 15-25 years

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☒ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   Petition is timely filed (See Brief at pp. 18 [loan?], for explanation).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

   (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 06/13)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on *February 9, 2020* (date).

X *William Stovall*
Signature of Petitioner

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this petition all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this petition, I may be barred from presenting additional grounds at a later date.

Executed (signed) on X February 9, 2020 (date)

Signature of Petitioner X William Stovall

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# NEW JERSEY DEPARTMENT OF CORRECTIONS — CONFIDENTIAL INCIDENT REPORT

| Field | Value |
|---|---|
| 1. Institution | New Jersey State Prison |
| 2. Phone & Ext. | 609-633-7349 |
| 5. Type of Incident | Planned Escape of Inmate William Stovall #66145 by Means of Guns and Explosives |
| 6. Incident Location | NJSP |
| 7. Municipality | Trenton |
| 8. County | Mercer |
| 3. Case No. | 91:02.06 |
| 4. Date/Time of Incident | 2/13/91 |
| 9. Victim | State of New Jersey |
| 19. Refer to Prosecutor | Yes ☒ No ☐ |
| 20. Inmate Disciplinary Charges | Yes ☒ No ☐ |
| 21. Employee Disciplinary Action | Yes ☐ No ☒ |

RECEIVED MAY 15 9:32 AM OFFICE OF THE MERCER COUNTY PROSECUTOR

### 22. Inmates Involved (Accused, Witnesses)

| Name (Last, First, Inmate ID No.) | DOB | RACE | SEX | Offense(s) | Total Term | Date of Commitment | County of Commitment | P.E.D. |
|---|---|---|---|---|---|---|---|---|
| 1. Stovall, William #66145 | 6/16/52 | Bl | M | Escape, Attempt.Murder Robbery | 80 yrs | 4/2/81 | Burl. | |
| 2. | | | | | | | | |
| 3. | | | | | | | | |
| 4. | | | | | | | | |
| 5. | | | | | | | | |
| 6. | | | | | | | | |

### 23. Civilians/Employees Involved

| Name/Address | DOB | Race | S. | Soc. Sec. No. |
|---|---|---|---|---|
| 1. Pinkney, Denard, Phila., Pa. (Brother) arrestee | 10/2/60 | Blk | M | 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 |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

### 24. Narrative:

On February 13, 1991, Principal Investigator West and this writer interviewed the aforementioned inmate, per his request, involving an urgent matter (said request was received in writing).

As a result of said interview, the following information was set forth allegedly from an Inmate Kareem, later identified as William M. Stovall, #66145, 7-Right, "Phone Runner". Inmate Kareem stated to the C/I that he (Kareem) recognized him from some time ago when the subject was charged with planning an escape from the Vroom Readjustment Unit. The C/I acknowledged same. Inmate Kareem approached the C/I and stated to him that he (Kareem) was planning an escape and was looking to purchase weapons from a source in the "streets" which would be cheaper than his present connection. The C/I asked Kareem what kind of weapons he needs for the

25. Superintendent's Signature: _____

26. Report Prepared By: A. Melendez, Sr. Inv.

Page 1 of ___

# NEW JERSEY DEPARTMENT OF CORRECTIONS — INCIDENT REPORT
(Continuation Page)

| 1. Institution | 3. Case No. | 4. Date/Time of Incident | 5. Type of Incident |
|---|---|---|---|
| New Jersey State Prison | 91:02.06 | 2/13/91 | Planned escape of inmate Stovall |

**24. Narrative Continued:**

escape and what other functions would be expected from him (the subject) if he decided to get involved. Inmate Kareem stated he wants two (2) 9-millimeter pistols, two (2) .380 pistols (a .380 pistol is equivalent to a .22 caliber handgun in firepower and size), also, a vehicle to be positioned outside the confines of New Jersey State Prison to aid in the "get away". The planned escape is scheduled for sometime in June or early July of 1991. One of the two areas to be used for the escape would be the New Jersey State Prison hospital area. Inmate Kareem would be getting the assistance of an inmate soon to be released from New Jersey State Prison who is currently housed in Administrative Segregation at New Jersey State Prison. Inmate Kareem stated there was more information which would be made available if the subject chose to get involved.

In conclusion, the C/I stated to inmate Kareem, "I'm in," however, "We won't talk about this unless there's more information or development that needs addressing".

As a result of inmate Kareem's apparent intensity in his escape plan and the unknown background of inmate Kareem (to the C/I), he (the C/I) fears inmate Kareem's plan is legitimate and, after much thought, stated to this writer that he has decided to inform this unit (NJSP-IAU) of said plan and to fully cooperate in any manner requested, to include the taking of a polygraph.

Based on the aforementioned, Internal Affairs Assistant Chief Investigator Bryan E. Stoor was advised and a polygraph was requested to substantiate the subject's beliefs in this matter.

New Jersey State Prison Administrator Howard L. Beyer was advised of the information and the intentions of the unit. Administrator Beyer concurred with the unit's strategy.

Mr. Beyer approved a request for a polygraph of the C/I.

February 19, 1991, Sr. Inv./Polygraphist D. Davey assigned to the Internal Affairs Unit, NJSP concluded from her polygraph examination that inmate Stovall (the target) had approached the C/I about escaping from within the confines of NJSP and weapons are included in the escape plan.

Once the information supplied by the C/I was established to be reliable, Mercer County Prosecutor's Special Investigation Unit (SIU), Lieutenant Al Heyesey was contacted and apprised of the information at hand.

March 5, 1991 a meeting at the SIU was conducted. Present at the meeting were Al Heyesey SIU Lt., James West Principal Investigator NJSP, this writer and the SIU U/C (the U/C will remain nameless for purpose of confidentiality).

It was established that the SIU would pursue this matter and set up a telephone number for the C/I to make contact with the U/C for further information.

| 25. Superintendent's Signature | 26. Report Prepared By: | Page ___ of ___ |
|---|---|---|
|  | [signature] |  |

Pg 2