## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM STOVALL, | : |
| Petitioner, | : Case No. 3:20-cv-1709 (BRM) |
| v. | : **MEMORANDUM & ORDER** |
| JAMES SLAUGHTER, | : |
| Respondents. | : |

**THIS MATTER** is before the Court on *pro se* Petitioner William Stovall's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Appointment of Pro Bono Counsel. (ECF No. 29). On September 18, 2020, Respondents filed their answer to the petition. (ECF No. 16.) On December 8, 2020, this Court granted Petitioner an extension of time within which to file his reply. (ECF No. 26.)

In support of his request for pro bono counsel, Petitioner argues the prison will not allow him to have relevant legal documents from his son without opening them and the prison will only provide a copy of the document to Petitioner, instead of the original. (ECF No. 29.) Petitioner also states that his cell mate is a schizophrenic and Petitioner has been unable to complete a call to the public defenders' office. (*Id.*)

1. There is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) (noting no statutory or constitutional right of counsel conferred upon indigent civil litigants); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no

'automatic' constitutional right to counsel in federal habeas corpus proceedings."), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d).

2.  In determining whether the interests of justice require appointment of counsel, the Court considers whether the petitioner has presented a meritorious claim. *See Biggins v. Snyder*, Civ. No. 99-188, 2001 WL 125337, at *3 (D. Del. Feb. 8, 2001) (citing *Reese*, 946 F.2d at 263-64) (other citations omitted)). Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. *See Biggins*, 2001 WL 125337, at *3 (citing *Reese*, 946 F.2d at 264; *Parham*, 126 F.3d at 457-58; *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993)) (other citations omitted). "Where these issues are straightforward and capable of resolution on the record, or when the petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, the court would not abuse its discretion in declining to appoint counsel." *Biggins*, 2001 WL 125337, at *3 (citations and internal quotation marks omitted).

3.  The Court finds the appointment of counsel will not benefit the Court and Petitioner. This case seems to be fairly "straightforward and capable of resolution on the record." *See Parham*, 126 F.3d at 460 (citing *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990)). A review of this case reveals neither the legal issues that Petitioner must address, nor the factual underpinnings of his allegations are so complex as to warrant representation by an attorney. The overall allegations of the Petition do not appear to be either factually or legally complicated and Petitioner's claims have been presented thoroughly and clearly.

4.  Therefore, the Court denies Petitioner's Motion to Appoint Counsel, without prejudice. In the event future proceedings demonstrate the need for counsel, the Court will *sua sponte* appoint

an attorney.

**IT IS** on this 14th day of January 2021,

**ORDERED** that Petitioner's Motion for Appointment of Pro Bono Counsel (ECF No. 29)

is **DENIED WITHOUT PREJUDICE**; and it is further;

**ORDERED** the Clerk of Court shall serve a copy of this Order on Petitioner by regular

U.S. Mail.

/s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**